## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **RAYMOND JARRON BAILEY,** § § **Plaintiff,** § § vs. § § **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, SWIFT TRANSPORTATION SERVICES, LLC and KIDANE H. TEKLEHAIMANOT,** § § § § § **Defendants.** | CIVIL ACTION No. 3:16-cv-00294 |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **RAYMOND JARRON BAILEY**, Plaintiff in the above-entitled and numbered cause of action, complaining of Defendants, **SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C., SWIFT TRANSPORTATION SERVICES, L.L.C.,** and **KIDANE H. TEKLEHAIMANOT**, and in support thereof would respectfully show the Court as follows:

### I. PARTIES

1. On or about September 25, 2015, Plaintiff **Raymond Jarron Bailey** ("Plaintiff") was a resident of Collin County, State of Texas.

2. On or about September 25, 2015, Defendant **Swift Transportation Co. of Arizona, LLC** ("Swift"), was a foreign corporation organized and existing under the laws of Indiana, whose principal office is located at 2200 S 75th Ave, Phoenix, Arizona 85043, is authorized to do business in Texas and, pursuant to Texas Business Organizations Code §

5.201, may be served with process by serving its registered agent for service of process, **National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.**

3. On or about September 25, 2015, Defendant **Swift Transportation Services, L.L.C.** ("Swift Services"), was a foreign corporation organized and existing under the laws of Indiana, whose principal office is located at 2200 S. 75th Avenue, Phoenix, Arizona 85043, is authorized to do business in Texas and, pursuant to Texas Business Organizations Code § 5.201, may be served with process by serving its registered agent for service of process, **National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.**

4. On or about September 25, 2015, Defendant **Kidane H. Teklehaimanot ("Kidane")**, was a nonresident of the State of Texas and whose home is located at **1721 W. Glendale Ave., Maricopa County, Arizona 85021-8866**, who has been issued an Arizona driver's license with the last 4 digits 1660, may be served with process by serving the **Chairman of the Texas Transportation Commission, Ted Houghton, at 125 E. 11th Street, Austin, Texas, 78701**, as Defendant's agent for service because Defendant was a party to a collision while operating a motor vehicle in Texas. *Tex. Civ. Prac. & Rem. Code §17.062 (s), 17.063.*

## II. JURISDICTION

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $ 75,000, excluding interest and cost.

6. Defendant **Kidane** committed acts and/or omissions of negligence in this state giving rise to this cause of action. Accordingly, the Court has specific personal jurisdiction over Defendant **Kidane**.

### III. VENUE

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) because all or a substantial part of the events giving rise to this lawsuit occurred within this district.

### IV. CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

### V. FACTS

9. On or about September 25, 2015, at approximately 5:48 a.m., Plaintiff RAYMOND JARRON BAILEY was driving a blue 1998 Volvo in Denton County, Texas. At the same time and place, Defendant KIDANE H. TEKLEHAIMANOT, was driving a tractor-trailer consisting of a white 2014 Freightliner and a trailer, which were both owned by Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC ("Swift") and/or SWIFT TRANSPORTATION SERVICES, L.L.C. ("Swift Services"). Defendant KIDANE H. TEKLEHAIMANOT was in the course and scope of his employment with Defendants SWIFT and/or SWIFT SERVICES at the time of the crash and at all times material to this lawsuit.

10. Plaintiff RAYMOND JARRON BAILEY was traveling southbound on the 2500 Block of SH 121 South Bound Frontage Road. Suddenly and without warning, Defendant KIDANE H. TEKLEHAIMANOT turned southbound onto the 2500 Block of SH 121 South Bound Frontage Road, in front of Plaintiff, from the 100 block of E. Hill Park Road. Defendant TEKLEHAIMANOT pulled across all three lanes of the frontage road

before establishing his tractor trailer directly in front of Plaintiff in the middle lane of the frontage road. Defendant TEKLEHAIMANOT actions caused Plaintiff's vehicle to strike Defendant's vehicle from behind. The collision proximately caused Plaintiff RAYMOND JARRON BAILEY to suffer severe and permanent injuries.

## V. DEFENDANT KIDANE H. TEKLEHAIMANOT

11. The collision made the basis of this lawsuit resulted from the improper conduct of Defendant KIDANE H. TEKLEHAIMANOT. The conduct of Defendant **Kidane** constituted negligence as that term is understood in law, and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff made the basis of this suit. Defendant Kidane's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

   a. failing to keep a proper lookout;

   b. failing to yield to oncoming traffic;

   c. failing to obey a posted stop sign;

   d. driving while distracted or inattentive;

   e. initiating a right turn when not safe to do so;

   f. turning into a lane of traffic occupied by another vehicle;

   g. failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance; and

   h. other acts of negligence and/or negligence per se.

12. One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant KINDANE constituted negligence and such negligence was a proximate cause of the occurrence and the injuries suffered by Plaintiff.

## VI.  DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

13. Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC ("Swift") was the owner of the vehicle that was being operated by Defendant Kidane. At all times material to this lawsuit, Defendant Kidane was an employee of Defendant Swift, and was acting within the course and scope of his employment with Defendant Swift, furthering the business for his employer. Consequently, Defendant Swift is vicariously liable to Plaintiffs for the negligent conduct of Defendant Kidane, under the theory of *respondeat superior*. At all times material to this lawsuit, Defendant Swift was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations. At all times material to this lawsuit, Defendant Swift was the statutory employer of Defendant Kidane, under both the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations. Consequently, Defendant Swift is vicariously liable to Plaintiff for the negligent conduct of Defendant Kidane under both common law and statutory law.

14. At all times material hereto, Defendant Swift, was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations and as such owed a duty to follow those regulations including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision.  Defendant Swift failed to meet their duties imposed by the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations. The independent conduct of Defendant Swift constitutes negligence as that term is known in law.

15. Additionally, the independent conduct of Defendant Swift constitutes negligence as that term is known in law. Such negligent acts or omissions include, but are not limited to the following:

    a. hiring and/or retaining Defendant Kidane whom it knew or should have known was a reckless or incompetent driver;

    b. failing to properly train Defendant Kidane in the safe operation of motor vehicles;

    c. failing to properly supervise Defendant Kidane's driving activities;

    d. entrusting a vehicle, which Defendant Swift owned, to Defendant Kidane for the purpose of operating it on the public streets and highways, when it knew or should have known that Defendant Kidane was a reckless or incompetent driver; and/or

    e. other acts of negligence and/or negligence per se.

16. One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Swift constituted negligence and such negligence was a proximate cause of the occurrence and the injuries of Plaintiff Raymond Jarron Bailey

### VII. DEFENDANT SWIFT TRANSPORTATION SERVICES, L.L.C.

17. Defendant SWIFT TRANSPORTATION SERVICES, L.L.C., ("Swift Services") was the owner of the vehicle that was being operated by Defendant Kidane. At all times material to this lawsuit, Defendant Kidane was an employee of Defendant Swift Services, and was acting within the course and scope of his employment with Defendant Swift Services, furthering the business for his employer. Consequently, Defendant Swift Services is vicariously liable to Plaintiffs for the negligent conduct of Defendant Kidane, under the

theory of *respondeat superior*. At all times material to this lawsuit, Defendant Swift Services was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations. At all times material to this lawsuit, Defendant Swift Services was the statutory employer of Defendant Kidane, under both the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations. Consequently, Defendant Swift Services is vicariously liable to Plaintiff for the negligent conduct of Defendant Kidane under both common law and statutory law.

18. At all times material hereto, Defendant Swift Services, was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations and as such owed a duty to follow those regulations including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision. Defendant Swift Services failed to meet their duties imposed by the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations. The independent conduct of Defendant Swift constitutes negligence as that term is known in law.

19. Additionally, the independent conduct of Defendant Swift Services constitutes negligence as that term is known in law. Such negligent acts or omissions include, but are not limited to the following:

    a. hiring and/or retaining Defendant Kidane whom it knew or should have known was a reckless or incompetent driver

    b. failing to properly train Defendant Kidane in the safe operation of motor vehicles;

    c. failing to properly supervise Defendant Kidane's driving activities;

    d.    entrusting a vehicle, which Defendant Swift owned, to Defendant Kidane for the purpose of operating it on the public streets and highways, when it knew or should have known that Defendant Kidane was a reckless or incompetent driver; and/or

    e.    other acts of negligence and/or negligence per se.

20. One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Swift Services constituted negligence and such negligence was a proximate cause of the occurrence and the injuries of Plaintiff Raymond Jarron Bailey

## VIII. GROSS NEGLIGENCE OF DEFENDANTS KIDANE H. TEKLEHAIMANOT, SWIFT TRANSPORTATION SERVICES, L.L.C., AND SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.

21. Plaintiff contends that on the occasion in question, Defendants committed acts of omission and commission, which are more carefully described in paragraphs 5.1 and 6.3 of this Petition, which collectively and severally constituted gross negligence under Chapter 41 of the Texas Civil Practice and Remedies Code.

22. The conduct of Defendant Swift, Defendant Swift Services, and Defendant Kidane, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant Swift, Defendant Swift Services, and Defendant Kidane had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Consequently, Defendant Swift, Defendant Swift Services, and Defendant Kidane's conduct constitutes

gross negligence. Such gross negligence was a proximate cause of the occurrence and the injuries of Plaintiff RAYMOND JARRON BAILEY.

## IX. DAMAGES

23. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or gross negligence of Defendant Swift, Defendant Swift Services, and Defendant Kidane, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain damages in the future.

24. Plaintiff respectfully requests that the trier of fact determine the amount of Plaintiff's damages and losses that Plaintiff has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

   a. Physical pain and mental anguish;
   b. Lost wages;
   c. Loss of earning capacity;
   d. Disfigurement;
   e. Physical impairment;
   f. Medical care expenses; and,
   g. Out-of-pocket economic losses.

25. Because of all of the above and foregoing, Plaintiff has suffered actual damages within the jurisdictional limits of the Court for which damages Plaintiff now brings suit. Plaintiff seeks monetary relief over $1,000,000.

26. Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## X. EXEMPLARY DAMAGES

27. Because of the grossly negligent conduct of Defendant Swift, Defendant Swift Services, and Defendant Teklehaimanot, Plaintiff seeks recovery for exemplary damages. Exemplary damages means any damages awarded as a penalty or by way of punishment. Exemplary damages include punitive damages. In determining the amount of exemplary damages the trier of fact should consider the following:

   a. The nature of the wrong.

   b. The character of the conduct involved.

   c. The degree of culpability of the wrongdoer.

   d. The situation and sensibilities of the parties concerned.

   e. The extent to which such conduct offends a public sense of justice and propriety.

   f. The net worth of the Defendant.

28. Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against Defendants to two (2) times the amount of economic damages plus an amount equal to any noneconomic damages found by the trier of fact, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it violates:

   a. Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

   b. Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

    c. Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

    d. Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

    e. Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

    f. Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and/or

    g. Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to trial by jury in civil cases.

## XI. DEMAND FOR JURY TRIAL

29. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XII. PRESERVATION OF EVIDENCE

30. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the vehicle which was involved in the incident; any facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, the vehicles involved in said

incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant Swift, Defendant Swift Services, and Defendant Kidane be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover punitive or exemplary damages, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

BY: _/s/ Aaron Spahr_

**AARON SPAHR**
State Bar No. 00794674
E-mail: aspahr@jimadler.com
Telephone:   (214) 442-5032

The Tower at City Place, Lock Box 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas  75204-2887
Facsimile:   (214) 220-2345

**ATTORNEYS FOR PLAINTIFF**